1  McGREGOR W. SCOTT
   United States Attorney
2  SYLVIA QUAST
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone:   (916) 554-2740

5  Attorneys for the United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | No. 2:08-CV-01654-WBS-KJM |
| 12                 Plaintiff, | |
| 13        v. | CONSENT DECREE |
| 14  RICHMOND AMERICAN HOMES OF MARYLAND, INC., A MARYLAND CORPORATION, AS SUCCESSOR BY MERGER TO RICHMOND AMERICAN HOMES OF CALIFORNIA, INC., | |
| 15 | |
| 16 | |
| 17                 Defendant. | |

18

19                      **CONSENT DECREE**

20       WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Army

21  Corps of Engineers ("Corps"), filed the Complaint herein against Defendant Richmond American

22  Homes of Maryland, Inc., ("Defendant") a Maryland corporation, as successor by merger to Richmond

23  American Holmes of California, Inc., alleging that Defendant violated Section 301(a) of the Clean

24  Water Act ("CWA"), 33 U.S.C. § 1311(a);

25       WHEREAS, the Complaint alleges that Defendant violated Section 301(a) by discharging

26  dredged or fill material and/or controlling and directing the discharge of dredged or fill material into

27  waters of the United States at the Lakemont 8 and Shadowbrook developments located in the city of

28  Elk Grove, California (the "Sites") and more fully described in the Complaint, without authorization

1  by the Corps;

2  WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the

3  United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, at its

4  own expense and at the direction of the Corps, to restore and/or mitigate the damages caused by its

5  unlawful activities; and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. §

6  1319(d);

7  WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of

8  the United States' claims under the CWA set forth in the Complaint regarding the Sites;

9  WHEREAS, the United States and Defendant agree that settlement of this case is in the public

10  interest and that entry of this Consent Decree is the most appropriate means of resolving the United

11  States' claims under the CWA against Defendant in this case; and

12  WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the

13  United States' claims against Defendant in this case, and that this Consent Decree adequately protects

14  the public interest in accordance with the CWA and all other applicable federal law.

15  THEREFORE, before the taking of any testimony upon the pleadings, without further

16  adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized

17  representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

18  I.  JURISDICTION AND VENUE

19  1.  This Court has jurisdiction over the subject matter of these actions and over the parties

20  pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

21  2.  Venue is proper in the Eastern District of California pursuant to CWA Section 309(b),

22  33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because the Defendant conducts business in

23  this District, the subject property is located in this District, and the causes of action alleged herein

24  arose in this District.

25  **3.**  The Complaint states claims upon which relief can be granted pursuant to Sections 301,

26  309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

27

28

1

## II. APPLICABILITY

2     4.     The obligations of this Consent Decree shall apply to and be binding upon Defendant

3 and its successors and assigns and any person, firm, association or corporation who is, or will be,

4 acting in concert or participation with the Defendant whether or not such person has notice of this

5 Consent Decree.  In any action to enforce this Consent Decree against the Defendant, the Defendant

6 shall not raise as a defense the failure of any of its successors or assigns or any person, firm or

7 corporation acting in concert or participation with the Defendant, to take any actions necessary to

8 comply with the provisions hereof.

9

## III. SCOPE OF CONSENT DECREE

10     5.     This Consent Decree shall constitute a complete and final settlement of all civil claims

11 for injunctive relief and civil penalties alleged in the Complaint against the Defendant under CWA

12 Section 301 concerning the Sites.

13     6.     It is the express purpose of the parties in entering this Consent Decree to further the

14 objectives set forth in CWA Section 101, 33 U.S.C. § 1251.  All obligations in this Consent Decree or

15 resulting from the activities required by this Consent Decree shall have the objective of causing

16 Defendant to achieve and maintain full compliance with, and to further the purposes of, the CWA.

17     7.     Defendant and Defendant's agents, successors and assigns are enjoined from

18 discharging any pollutant into waters of the United States, unless such discharge complies with the

19 provisions of the CWA and its implementing regulations.

20     8.     This Consent Decree is not and shall not be interpreted to be a permit or modification

21 of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344,

22 or any other law.  Nothing in this Consent Decree shall limit the ability of the Corps to issue, modify,

23 suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall

24 this Consent Decree limit the United States Environmental Protection Agency's ability to exercise its

25 authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

26     9.     This Consent Decree in no way affects or relieves Defendant of its responsibility to

27 comply with any applicable federal, state, or local law, regulation or permit.

28

1        10.     This Consent Decree in no way affects the rights of the United States as against any

2    person not a party to this Consent Decree.

3        11.     The United States reserves any and all legal and equitable remedies available to enforce

4    the provisions of this Consent Decree and applicable law.

5        12.     Nothing in this Consent Decree shall constitute an admission of fact or law by any
party.

6

7
IV.  SPECIFIC PROVISIONS<br>CIVIL PENALTIES

8        13.     Defendant shall pay a civil penalty to the United States in the amount of Sixty

9    Thousand Dollars ($60,000), within 30 days of the latter of (a) entry of this Consent Decree, or (b)

10    receipt of the Wiring Instructions (hereinbelow defined).

11        14.     Defendant shall make the above-referenced  payment by FedWire Electronic Funds

12    Transfer ("EFT" or wire transfer) to the U.S. Department of Justice pursuant to the written instructions

13    provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for

14    the Eastern District of California (the "Wiring Instructions"), and in accordance with current

15    electronic funds transfer procedures.  Payments received by the Department of Justice after 4:00 P.M.

16    (Eastern Time) will be credited on the next business day.

17        15.     Upon payment of the civil penalty required by this Consent Decree, Defendant shall

18    provide written notice, at the addresses specified in Section VII of this Consent Decree, that such

19    payment was made in accordance with Paragraph 14.

20        16.     Civil penalty payments pursuant to this Consent Decree (including stipulated penalty

21    payments under Section VI) are penalties within the meaning of Section 162(f) of the Internal

22    Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures

23    for purposes of federal law.

24
MITIGATION

25        17.     Defendant shall pay a fee in lieu of direct mitigation (in lieu fee) for its impacts to

26    waters of the United States.

27        18.     Defendant shall coordinate with the Corps to determine the amount of the in lieu fee to

28    be paid.  The fee paid shall be an amount that will cover the purchase of mitigation credits at the

4

1  current rate from the National Fish and Wildlife Foundation ("NFWF"), the non-profit organization

2  that manages the Corps' in lieu fee program.  The fee will cover the purchase of mitigation credits in

3  the amount of two times the acreage of waters impacted, which is stipulated to be 0.12 acres.  The fee

4  will cover the purchase of mitigation credits of like type to the waters impacted.

5       19.     Defendant shall pay the in lieu fee within thirty (30) days of the determination of such

6  amount pursuant to paragraph 18, above or entry of this Consent Decree, whichever occurs later.

7  Payment shall be made by check written out to National Fish and Wildlife Foundation.  The check

8  shall be mailed to the Corps at the address given in Section VII, below.  The Corps will promptly

9  forward the check to NFWF for deposit.  For purposes of the thirty-day deadline given in this

10  paragraph, payment will be deemed made when the check is received by the Corps.  Mitigation will be

11  complete when NFWF notifies the Corps that the check has been deposited.  The Corps will promptly

12  notify Defendant when the check has been deposited and will reasonably cooperate with Defendant to

13  ensure that NFWF notifies the Corps that the check has been deposited.

## V.  DISPUTE RESOLUTION

15       20.     Any dispute that arises with respect to the meaning or requirements of this Consent

16  Decree shall be, in the first instance, the subject of informal negotiations between the United States

17  and Defendant to attempt to resolve such dispute.  The period for informal negotiations shall not

18  extend beyond thirty (30) days beginning with written notice by one party to the other that a dispute

19  exists, unless agreed to in writing by those parties.  If a dispute between the United States and

20  Defendant cannot be resolved by informal negotiations, then the position advanced by the United

21  States shall be considered binding unless, within fourteen (14) business days after the end of the

22  informal negotiations period, the Defendant files a motion with the Court seeking resolution of the

23  dispute.  The motion shall set forth the nature of the dispute and a proposal for its resolution.  The

24  United States shall have thirty (30) days to respond to the motion and propose an alternate resolution.

25  In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of

26  the evidence that the United States' position is not in accordance with the objectives of this Consent

27  Decree and the CWA, and that the Defendant's position will achieve substantive compliance with the

28  terms and conditions of this Consent Decree and the CWA.

21.     If the United States believes in good faith that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the thirty (30) day period for informal negotiations.  The Defendant shall have fourteen (14) business days to respond to the motion and propose an alternate resolution.  In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree, and that the Defendant's position will achieve substantive compliance with the terms and conditions of this Consent Decree and the CWA.

22.     The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Defendant under this Consent Decree, except as provided in Paragraph 25 below regarding payment of stipulated penalties.

## VI.   STIPULATED PENALTIES

23.     After entry of this Consent Decree, if Defendant fails to timely fulfill any requirement of the Consent Decree, the Defendant shall pay a stipulated penalty to the United States for each violation of each requirement of this Consent Decree as follows:

|     |                                                     |                      |
| --- | --------------------------------------------------- | -------------------- |
| A.  | For Day 1 up to and including Day 30 of non-compliance | $1000.00 per day    |
| B.  | For Day 31 up to and including 60 of non-compliance | $2,000.00 per day   |
| C.  | For Day 61 and beyond of non-compliance             | $3,000.00 per day   |

Such payments shall be made without demand by the United States on or before the last day of the month following the month in which the stipulated penalty accrued.

24.     Any disputes concerning the amount of stipulated penalties, or the underlying violation that gives rise to the stipulated penalties, that cannot be resolved by the parties pursuant to the Dispute Resolution provisions in Section V shall be resolved upon motion to this Court as provided in Paragraphs 20 and 21.

25.     The filing of a motion requesting that the Court resolve a dispute shall stay Defendant's obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the

1    first day of any failure or refusal to comply with any term or condition of this Consent Decree.  In the

2    event that Defendant does not prevail on the disputed issue, stipulated penalties shall be paid by

3    Defendant as provided in this Section.

4         26.     To the extent Defendant prevails on the disputed issue, the Court shall excuse the

5    stipulated penalties for that delay or non-compliance.

6         27.     In the event that a stipulated penalty payment is applicable and not made on time,

7    interest will be charged in accordance with the statutory judgment interest rate provided for in 28

8    U.S.C. § 1961.  The interest shall be computed daily from the time the payment is due until the date

9    the payment is made.  The interest shall also be compounded annually.

10         28.     Defendant shall make any payment of a stipulated penalty by FedWire Electronic

11    Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with

12    current electronic funds transfer procedures, referencing U.S.A.O. file number:  2008V00206, Army

13    Corps of Engineers Sacramento District.  Payment shall be made in accordance with instructions

14    provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for

15    the Eastern District of California.  Any payments received by the Department of Justice after 4:00

16    P.M. (Eastern Time) will be credited on the next business day.   Further, upon payment of any

17    stipulated penalties, Defendant shall provide written notice, at the addresses specified in Section VII

18    of this Decree.

19    VII. ADDRESSES

20         29.     All notices and communications required under this Consent Decree shall be made to

21    the parties through each of the following persons and addresses.

22

23    A.     TO THE UNITED STATES ATTORNEY'S OFFICE:

24                  United States Attorney's Office
              SYLVIA QUAST

25                  Assistant United States Attorney
              501 I Street, Suite 10-100

26                  Sacramento, California  95814
              Telephone:   (916) 554-2740

27

28

     B.     TO THE CORPS:

1

2          Andrea Jones
           U.S. Army, Corps of Engineers
3          Sacramento District Regulatory Branch
           1325 J Street
4          Sacramento, California 95814-2922

5     C.      TO DEFENDANT:

6          Richmond American Homes of Maryland Inc.
           c/o M.D.C. Holdings, Inc.
7          4350 South Monaco Street
           Denver, Colorado 80237
8          Attn: Susan Kleid, Esq.

9          Miller Starr Regalia
           1331 N. California Blvd., 5th Floor
10         Walnut Creek, California 94596
           Attn: Hans Lapping, Esq.

11                        VIII. COSTS OF SUIT

12         30.     Each party to this Consent Decree shall bear its own costs and attorneys' fees in this

13   action.  Should Defendant subsequently be determined by the Court to have violated the terms or

14   conditions of this Consent Decree, Defendant shall be liable for any reasonable costs or reasonable

15   attorneys' fees directly incurred by the United States in any action against Defendant for

16   noncompliance with or enforcement of this Consent Decree.

17                        IX. PUBLIC COMMENT

18         31.     The parties acknowledge that after the lodging and before the entry of this Consent

19   Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which

20   provides for public notice and comment.  The United States reserves the right to withhold or withdraw

21   its consent to the entry of this Consent Decree if the comments received disclose facts which lead the

22   United States to conclude that the proposed judgment is inappropriate, improper, or inadequate.  The

23   Defendant agrees not to withdraw from, oppose entry of, or to challenge any provision of this Consent

24   Decree, unless the United States has notified the Defendant in writing that it no longer supports entry

25   of the Consent Decree.  As of the date of this consent decree, the United States has no reason to

26   believe that the proposed judgment is inappropriate, improper, or inadequate.

27

28                     X. CONTINUING JURISDICTION OF THE COURT

1    32.    This Court shall retain jurisdiction over this action in order to enforce or modify the

2  Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be

3  necessary or appropriate for construction or execution of this Consent Decree.  During the pendency

4  of the Consent Decree, any party may apply to the Court for any relief necessary to construe and

5  effectuate the Consent Decree.

6                                            XI. MODIFICATION

7    33.    Upon its entry by the Court, this Consent Decree shall have the force and effect of a

8  final judgment.  Any modification of this Consent Decree shall be in writing, and shall not take effect

9  unless signed by both the United States and the Defendant and approved by the Court.

10                                            XII. TERMINATION

11    34.    This Consent Decree may be terminated by either of the following:

12        A.    Defendant and the United States may at any time make a joint motion to the Court

13  for termination of this Decree or any portion of it; or

14        B.    Defendant may make a unilateral motion to the Court to terminate this Decree

15  after each of the following has occurred:

16            1.    Defendant has obtained and maintained compliance with all provisions of

17            this Consent Decree and the CWA for twelve (12) consecutive months;

18            2.    Defendant has paid all penalties and other monetary obligations hereunder

19            and no penalties or other monetary obligations are outstanding or owed to the United

20            States;

21            3.    Defendant has certified compliance pursuant to subparagraphs 1 and 2

22            above to the Court and all Parties; and

23            4.    Within forty-five (45) days of receiving such certification from the

24            Defendant, the Corps has not contested in writing that such compliance has been

25            achieved.  If the Corps disputes Defendant's full compliance, this Consent Decree shall

26            remain in effect pending resolution of the dispute by the Parties or the Court.

27

28

1   IT IS SO ORDERED.

2   Dated and entered this 4th day of September, 2008.

3

4                                 _____
                                  WILLIAM B. SHUBB

5                                 UNITED STATES DISTRICT JUDGE

6

7

8

9   ON BEHALF OF THE UNITED STATES:

10

    McGREGOR W. SCOTT
11  U.S. Attorney
    Eastern District of California

12

13  /s/ Sylvia Quast                        DATED: July 18, 2008
    SYLVIA QUAST
14  Assistant United States Attorney
    Eastern District of California
15  501 "I" Street, Suite 10-100
    Sacramento, CA 95814

16

    /s/ Thomas S. Chapman
17  THOMAS C. CHAPMAN, P.E.                  DATED: June 25, 2008
    Colonel, U.S. Army Corps of Engineers
18  District Engineer
    1325 J. St.
19  Sacramento, CA 95814

20

    ON BEHALF OF THE DEFENDANT:
21

    Richmond American Homes of Maryland, Inc.
22  A Maryland Corporation as Successor
    by merger to Richmond American Homes of California, Inc.
23

    /s/ Leonard S. Miller                    DATED: July 2, 2008
24  LEONARD S. MILLER
    Regional President (California Division)
25  5171 California Ave.  Suite 120
    Irvine, CA 92617

26
                                      Respectfully submitted,
27
                                      MCGREGOR W. SCOTT
28                                    United States Attorney


                                  10

1  DATED: July 18, 2008                    By:     /s/ Sylvia Quast
                                                   SYLVIA QUAST
2                                                  Assistant United States Attorney
                                                   United States Attorney's Office
3                                                  Attorney for Plaintiff, USA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28